# In the United States Court of Federal Claims

No. 13-075C
(Filed May 16, 2014)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * *
                                *
PARICHEHR FARZAM,               *
                                *
                Plaintiff,      *
                                *
        v.                      *
                                *
THE UNITED STATES,              *
                                *
                Defendant.      *
                                *
* * * * * * * * * * * * * * * * *
```

## ORDER

Because this case is brought pursuant to the Equal Pay Act, 29 U.S.C. § 209(d), it will involve personnel records which are protected by the Privacy Act, 5 U.S.C. § 552a. Pending before the Court is defendant's Motion for a Privacy Act Protective Order to guard the confidentiality of any payroll or human resources materials relating to plaintiff and to the comparators identified by her. As discussed during yesterday's hearing, the Court is concerned by certain features of the protective order proposed by the government. In particular, there does not seem to be any warrant for imposing different standards on plaintiff and on government employees regarding access to and use of protected information.

While paragraph 4 of the proposed protective order would prevent plaintiff from having access to the records concerning the identified comparators, these records --- as well as those pertaining to her --- could be shared with other "employees of the United States government who have a need to know the protected information for the defense or prosecution of this case" under defendant's proposed sub-paragraph 4(d). Since proposed sub-paragraphs 4(b), 4(c), and 4(e) provide for access to counsel and individuals assisting counsel, proposed sub-paragraph 4(d) appears to be designed to give access to decision makers and party representatives of the government agency which employs plaintiff. The Court is not aware of any

basis for treating the defendant more favorably than plaintiff in this regard, and therefore cannot accept proposed sub-paragraph 4(d).

The Court also modifies proposed paragraphs 5 and 8 to make it clear that the same requirements and procedures for obtaining court approval prior to the disclosure of protected information to third parties, or the use of protected information in open court, apply equally to both parties. Finally, the reference to the comparators selected by plaintiff is changed from "alleged male comparators" to "identified male comparators."

The defendant's motion for a protective order is accordingly **GRANTED-IN-PART** and **DENIED-IN-PART**. The approved protective order --- adapted from defendant's proposed order as described above --- will issue separately. As discussed during yesterday's hearing, the parties' counsel will confer and attempt to agree to additional language, to amend the protective order (with Court approval), detailing the procedures to be followed to allow information from protected records to be shared with plaintiff or other government employees involved in this litigation.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Judge